## EXHIBIT A

**Declaration in Support of Motion**

57852764.1
393059-00001

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br><br><br>Debtor. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>CORDEN PHARMA SPA,<br><br>Defendant. | Adv. Proc. No. 25-50118 (KBO) |

**DECLARATION OF EVAN T. MILLER IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The undersigned, being first duly sworn under oath, deposes and states based upon personal knowledge, information, and belief:

1.    I am an attorney admitted to practice in the United States Bankruptcy Court for the District of Delaware, among other jurisdictions.

2.    I submit this declaration in support of *Plaintiff's Motion for Entry of Default Judgment* pursuant to Federal Rule of Civil Procedure 55(b)(1), made applicable by Federal Rule of Bankruptcy Procedure 7055.

---

[1]    The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

3.      I represent the above-captioned plaintiff (the "Plaintiff") in the above-captioned adversary proceeding (the "Adversary Proceeding") and have personal knowledge of the facts set forth in this declaration.

4.      On February 10, 2025, Plaintiff commenced the Adversary Proceeding by filing the Complaint in the United States Bankruptcy Court for the District of Delaware (the "Court"). Through Counts I through IV of the Complaint, Plaintiff seeks to recover amounts owed to Plaintiff on account of preferences, or, in the alternative, constructive fraudulent transfers, to recover the value of the transfers so avoided, plus interest and costs, and to disallow any proofs of claim filed by Defendant.

5.      Plaintiff sought the recovery of $128,787.63 from the Defendant. *See* Complaint at ¶ 20. Upon information and belief, Defendant is an Italian-based entity. Accordingly, Plaintiff was obligated to effectuate service of the Complaint via the Hague Service Convention.

6.      On December 30, 2025, Plaintiff effectuated service of the Complaint and related summons in accordance with the laws of Italy under Article 5 of the Hague Service Convention.

7.      On April 27, 2026, the Court entered the *Order Pursuant To Federal Rule Of Bankruptcy Procedure 7012(A)(2) Setting Deadline For Defendant To Answer Or Otherwise Respond To Complaint* [Adv. D.I. 7] ("the "Order"), by which the Court set May 5, 2026 as the deadline for the Defendant to answer or otherwise respond to the Complaint. Plaintiff served the Order on the Defendant on April 27, 2026.

8.      Shortly after the Complaint was filed, General Counsel of Defendant corresponded with undersigned over a span of two months. Nevertheless, Defendant has not served or otherwise delivered an answer or other pleading responsive to the Complaint to Plaintiff or his undersigned

counsel.  In addition, counsel for Plaintiff has examined the Court's docket in the Adversary Proceeding and no response or appearance by Defendant is reflected thereon.

9. Accordingly, on May 8, 2026, Plaintiff filed *Plaintiff's Request for Entry of Default* [Adv. D.I. 9] (the "Request") in the Adversary Proceeding.  Pursuant to FRCP 55(b)(1), made applicable to the Adversary Proceeding by Bankruptcy Rule 7055, the *Declaration of Evan T. Miller in Support of Plaintiff's Request for Entry of Default* (the "Miller Declaration") was attached to the Request as Exhibit A.  The Complaint, Summons, and Certificate of Service regarding the Order were attached as Exhibit 1 to the Miller Declaration.  Pursuant to Local Rule 7055-1, Plaintiff served the Request on Defendant.

10. On May 11, 2026, the Clerk of Court entered the *Entry of Default* [Adv. D.I. 10] against the Defendant in response to the Request.

11. By this Motion, Plaintiff requests entry of default judgment pursuant to FRCP 55 and Bankruptcy Rule 7055 with respect to each count of the Complaint, plus post-judgment interest pursuant to 28 U.S.C. §1961.

12. Pursuant to Local Rules 9013-1 and 7055-1, a copy of this Motion will be served on Defendant at the address listed on the attached certificate of service by International First Class United States Mail.

13. To the best of my knowledge and belief, based upon the documents in our files and records, and based on the business entity status of Defendant, Defendant is not an infant, an incompetent person, nor engaged in military service.

14. Pursuant to Rule 7055-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), a copy of the Plaintiff's Request for Entry of Default, together with a copy of the related declaration and all

attachments thereto, were served on Defendant at the address listed on the Certificate of Service by International First Class United States mail.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on May 12, 2026 at Wilmington, Delaware.

*/s/ Evan T. Miller*
Evan T. Miller